## GOTWALD, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 17, 1903.

1. **Carrier of Passengers: EJECTION OF PASSENGER: STATE-MENTS OF CONDUCTOR.** In an action by plaintiff for injuries sustained by being thrown from defendant's car, by the conductor, the admission of a statement by the conductor, that he was not going to stop the line for a man, made shortly after the occurrence, was prejudicial error, although plaintiff's witnesses testified that the car proceeded without stopping.

2. ———: ———: **INSTRUCTION: DIFFERENT CAUSE OF ACTION.** Plaintiff alleged and testified that he had refused to pay his fare until the car had passed a dangerous curve, and defendant alleged and its conductor testified that he put plaintiff off, using no unnecessary force. The jury were instructed that if plaintiff refused to pay his fare, the conductor had a right to put him off, but to use no more force than necessary, nor subject him to danger of injury by pushing him off while the car was moving so rapidly as to endanger his safety, and if the conductor violently pushed plaintiff from the car while it was moving so rapidly as to throw him to the ground and that he was injured thereby, plaintiff was entitled to recover. *Held,* the instruction did not permit plaintiff to recover on a different cause of action from that stated in the petition.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann* and *Geo. W. Easley* for appellant.

(1)  The court erred in permitting the witness Brizzi to testify as to what the conductor said when asked to stop the car after the occurrence of the accident.  Such declarations are neither admissible as admissions nor as part of the *res gestae.*  Barker v. Railroad, 126 Mo. 143; McDermott v. Railroad, 73 Mo. 516; McDermott v. Railroad, 87 Mo. 285; Rogers v. McCune, 19 Mo. 558; Aldridge v. Furnace Co., 78 Mo. 563; Bevis v. Railroad, 26 Mo. App. 22; Lindauer v. Meyberg, 27 Mo. App. 181; Corbett v. Railroad, 26 Mo. App. 64; Barker v. Railroad, 126 Mo. 143.  (2)  The court erred in giving instruction number 3 for plaintiff.  Instructions must be based on the pleadings, and cannot change the issue raised in the pleadings.  Chitty v. Railroad, 148 Mo. 74; Glass v. Gelvin, 80 Mo. 297; Bank v. Murdoch, 62 Mo. 70; Moffat v. Conklin, 35 Mo. 453; Wade v. Hardy, 75 Mo. 394; Camp v. Hulan, 43 Mo. 591; Bank v. Armstrong, 62 Mo. 65; Melvin v. Railroad, 89 Mo. 106; Noll v. Railroad, 97 Mo. 68; Bender v. Dungan, 99 Mo. 126; Sparks v. Dispatch Co., 104 Mo. 531; Hasset v. Rust, 64 Mo. 325; Kenney v. Railroad, 70 Mo. 252; Railroad v. Cleary, 77 Mo. 634; Woods v. Campbell, 110 Mo. 572; Currier v. Lowe, 32 Mo. 203; Waldhier v. Railroad, 71 Mo. 514; Yarnell v. Railroad, 113 Mo. 570; Price v. Railroad, 72 Mo. 414; Milling Co. v. Transit Co., 122 Mo. 277; Mason v. Railroad, 75 Mo. App. 10; State ex rel. v. Sitlington, 51 Mo. App. 252; Wright v. Fonda, 44 Mo. App. 634; George v. Railroad, 40 Mo. App. 434; Fairgrieve v. Moberly, 29 Mo. App. 142; Rothschild v. Frensdorf, 21 Mo. App. 318; Nelson v.

Mitchell, 38 Mo. App. 321; Bloom v. Pope, 36 Mo. App. 410; Sedalia Gas Co. v. Mercer, 48 Mo. App. 644; Scott v. Allenbaugh, 50 Mo. App. 130.

*James M. Rollins* and *I. A. Rollins* for respondent.

(1)  The defendant having failed to except to the action of the court in admitting the evidence complained of, can not avail itself of its objections thereto on this appeal. Roe v. Bank, 167 Mo. 406; Watson v. Rose, 46 Mo. App. 546.  (2)  If it was error to admit the conductor's declaration as testified to by Brizzi, such error was cured by defendant when it introduced in evidence the declaration of the conductor as testified to by Mrs. McAllister.  State v. Dittmer, 124 Mo. 426.  (3)  Instruction number 3 for plaintiffs was based on the pleadings.  Galbreath v. Comes, 91 Mo. App. 512; Perkins v. Railroad, 55 Mo. 201; 2 Addison on Torts (2 Ed.), p. 8; Krueger v. Railroad, 81 Mo. App. 358.

REYBURN, J.—Action for personal injuries alleged to have been sustained May 10, 1902, about 10:30 p. m., by the forcible ejection of plaintiff from a car of defendant by its conductor.  The petition, after charging that plaintiff took passage on a car of the Spring avenue division, proceeding north on Thirteenth across Wash street, and that the car being crowded he was compelled to stand on the rear platform, thus sets forth his complaint:

"Plaintiff further states that he was carrying a lot of packages in his arms, and that, upon approaching Fourteenth and Biddle streets, said company's car was moving rapidly, and there being a curve at this point, it became necessary for plaintiff to hold on to the car with one hand while holding the packages with the other, to prevent being thrown from the car by the swinging of said car around said curve.  Plaintiff states that upon approaching Fourteenth and Biddle streets and

said curve, said company's conductor demanded plaintiff's fare, and plaintiff requested said conductor to wait until they had passed this dangerous point. After passing this curve said plaintiff arranged his packages and proceeded to place his hand in his left pants pocket for his money to pay his fare, and before he could produce same, said company's conductor caught said plaintiff by the shoulders and neck from the rear, and threw him forcibly and bodily from the car while said car was in motion, plaintiff striking the hard street, and injuring him as follows.''

The character and severity of the injuries are then detailed and damages asked.

Additional to a general denial, the defendant interposed a plea that plaintiff refused to pay his fare upon demand therefor, and that defendant's conductor put plaintiff off because of his failure and refusal to pay his fare, using no unnecessary force for that purpose.

From a verdict and judgment thereon for plaintiff, defendant has appealed.

1. In the examination in chief of a witness on behalf of plaintiff, the following was elicited and is quoted verbatim:

''Q. Well, at the time up near the corner of Fourteenth and Biddle streets did you notice what took place there, if anything? A. I was standing inside of the street car. At the time I recollect there was a great commotion. Many people hollered, 'Stop the car!' 'Stop the car!' So I turned around, and I saw a man in the street. Then again, I heard some fellow say down there; he says—

''By Mr. Hocker (counsel for the defendant, interrupting): Well, I object to that. This is afterwards.

''Q. Did you hear the conductor say anything?

''By Mr. Hocker (counsel for defendant): I object to that.

''By the Court: He may answer.

"A.   He said, 'I am not going to stop the line for a man.'

"By Mr. Hocker (counsel for defendant, interrupting):  Just one moment—did I get your name right, Brizzi?  A.  Yes, sir.

"By Mr. Hocker (counsel for defendant):  When was that remark made?  A.  That was a remark when a man near me was very agitated, and wanted the conductor to stop the car.

"By Mr. Hocker (counsel for the defendant):  When was the conductor's remark made?  A.  He answered.

"By Mr. Hocker (counsel for the defendant):  It was after the occurrence?  A.  After the occurrence.

"By Mr. Hocker (counsel for defendant):  I object to that as incompetent, and not part of the *res gestae*.

"By the Court:  He may answer.

"To which ruling of the court, defendant, by its counsel, duly excepted.

"Q.  Did the conductor stop the car?

"By Mr. Hocker (counsel for the defendant:  We make the same objections.

"Which were overruled by the court, and the witness answered.

"A.  Not as I remember.

"To which ruling the defendant saved exceptions."

Respondent's insistence, that the appellant failed to properly object and preserve its exceptions to the admission of this testimony, does not appear sustained by the record, and we will therefore proceed to consider its admissibility, which is questioned by appellant either as an admission or as part of the *res gestae*.  A well-considered and leading case, involving the question of what statements succeeding an event constitute *res gestae*, is that of Leahy v. Railway, 97 Mo. 165, wherein Judge Black, after consideration and analysis of many of the leading text-writers, as well as prominent decisions in

this State and of other states, and of Federal courts, deduces the conclusions that the declaration, to be part of the *res gestae,* need not be coincident, in point of time, with the main fact to be proved, but that it is sufficient if the two are so nearly connected that the declaration can, in the ordinary course of affairs, be said to be the spontaneous exclamation of the real cause; that the declaration is then a verbal act, and may well be said to be a part of the main fact or transaction; or, if the subsequent declaration and the main fact at issue taken together form a continuous transaction, then the declaration should be received; but that mere narratives of past events, disconnected from the main fact and already transpired, are inadmissible.   See, also, Barker v. Railway, 126 Mo. 143.   Counsel for respondent urge that in no event could this testimony have been prejudicial to appellant, as plaintiff and his witnesses had testified that the car proceeded without stopping, but proof of the fact that the car did not stop after plaintiff's ejection, and of the conductor's remark, was important, had a direct tendency to create prejudice in the mind of the jury and should have been excluded, and we can not say that its admission was harmless.

2.    The third instruction for plaintiff was as follows:

"If you find from the evidence that plaintiff refused to pay his fare, then the conductor had a right to put him off the car, but he had no right to use any more force than was necessary to put him off, nor to subject him to danger of injury by pushing him off the car while it was moving so rapidly as to endanger his safety.

"If you find from the evidence that the conductor violently pushed plaintiff from the car, and that at the time the car was moving so rapidly as to throw him to the ground, and that he was injured by being so thrown to the ground, then the plaintiff is entitled to recover."

The complaint averred and plaintiff testified that he

had refused to pay his fare until after the car had passed the dangerous curve, and the answer averred that upon refusal to pay his fare, the conductor had put him off using no unnecessary force therefor, and the testimony of the conductor on behalf of defendant tended to establish the theory of the answer. This instruction, therefore, was based on the issues in the pleadings, and was not amenable to appellant's charge that it permitted a recovery upon a different cause of action from that stated in the petition.

For the error indicated above the cause will be reversed and remanded. *Bland, P. J.,* and *Goode, J.,* concur.